141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Ramon LOPEZ, Defendant-Appellant.
 No. 97-10265.
D.C. No. CR-92-00427-RCB.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Arizona Robert C. Broomfield, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ramon Lopez, a federal prisoner, appeals pro se the district court's denial of his motion to disclose grand jury materials in connection with his 1993 jury conviction for conspiracy to possess with intent to distribute heroin, and for possession with intent to distribute heroin. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Lopez contends that the district court abused its discretion by denying his motion to compel disclosure of grand jury proceedings, brought pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C)(i). This contention lacks merit because Lopez has not demonstrated that the materials sought are necessary to avoid an injustice in another legal proceeding. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222-23, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). Nor has he shown a particularized need for those materials which outweighs the public interest in continued secrecy of grand jury operations. See id.; United States v. Sells Engineering, Inc., 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3